## SUPREME COURT—IN EQUITY.

### HENRY MAY *vs.* LEVI HAALELEA.

AFTER an agreement has been reduced to writing, it is competent to the parties, at any time before breach of it, by a new contract not in writing, either altogether to waive, dissolve or annul the former agreements, or in any manner to add to, or substract from, or vary or qualify the terms of it, and thus make a new contract, which is to be proved partly by the written agreement and partly by the subsequent verbal terms engrafted upon what will be thus left of the written agreement.

And whether the parties did make such subsequent agreement is a question of fact.

Where by the terms of an agreement or obligation, the interest accruing on a loan is payable at certain specified periods, a demand for the payment of the interest at the time it becomes due, must be shown before compounding of the interest can be allowed.

Under a plea of the general issue, a defendant, when sued for interest due on a promissory note higher than the rate allowed by law, may advance by way of defense any matter of fact or of law, without being required to plead the statute specially.

Before Justice ROBERTSON as Vice Chancellor.

Complainant was formerly in partnership with Mr. Samuel Savidge of Honolulu, constituting the firm of Savidge & May. On the first of December, 1857, the respondent borrowed the sum of $2,000 from Mr. Savidge, for ten months, interest at two per cent. per month, payable quarterly, for which respondent gave his promissory note, secured by a mortgage on certain real estate. The money lent to the respondent was the money of the firm of Savidge & May, to whom Mr. Savidge assigned the note, by indorsement, at the time he received it. Upon the dissolution of the partnership, on the first of May, 1858, respondent's note and mortgage became the sole property of the complainant, who now files his bill, stating that, a short time before the first of October, 1858, when the note became due, the respondent, through his agent, W. H. Pease, applied to complainant's agent, Samuel Savidge, for an extension of the time of payment, for one year from the first of October, 1858, at the same rate of interest that was originally stipulated, which

extension was granted.   Complainant now prays that the mortgage may be foreclosed, as the note has not been paid at the time agreed upon.

Respondent admits, in his answer, the making of the note and mortgage, but denies that he asked for or obtained an extension of the time of payment for any specific term, and pleads in bar of subsequent interest, and costs, a tender of payment made to the complainant on the 27th of November, 1858.

At the hearing of the cause, the respondent's counsel objected to the introduction by the complainant of oral testimony to prove that the time of payment of the note had been extended, by mutual agreement, for the term of one year from October first, 1858, on the ground that parol evidence could not be admitted to contradict or vary the terms of a written contract. He cited in support of this position Hoare *vs.* Graham, 3 Campbell, p. 56 ; Thompson *vs.* Ketcham, 8 Johnson's Rep., p. 190 ; Warren *vs.* Wheeler *et al.*, 8 Metcalf's Rep., p. 97, and other authorities.   That this is sound law cannot be gainsaid.   No legal rule is more clearly established.   But, in regard to the construction of this rule, and its applicability to the present case, I do not think the authorities sustain the respondent's counsel in the position he assumed.   In my opinion the parol proof which the complainant has been allowed to present, is not, strictly speaking, evidence to contradict or vary the contract evidenced in writing, by the promissory note and mortgage of the 1st of December, 1857, but proof of a new contract—a collateral agreement, affecting the same subject matter, and not defeating, but rather affirming and supplementing, the original contract of loan.   And while it is true that parol contemporaneous evidence is inadmissible, to contradict or vary the terms of a valid written instrument, (Adams *vs.* Wordley, 1 M. & W., p. 379,) and that parol evidence cannot be received to show that at the time of making a note, payable by its terms at a specified time, a verbal bargain was made that it should be payable on a certain contingency, (Woodbridge *vs.* Spooner, 3 B. & Ald., p. 233 ; Rawson *vs.* Walker, 1 Stark, 361,) yet, parol evidence of a bargain after a note was given is admissible ; (Bailey on Bills, p. 493,) and there may, after a bill is drawn, be a binding promise for a valuable consideration to renew it, and

this may be proven by parol. Hoare *vs.* Graham, 3 Campbell's Rep., 57 ; Smith's Mercantile Law, p. 327.) A contract which seeks, by subsequent oral matter, to discharge altogether the contract created by the bill, and create a new one, may be shown by parol evidence ; it is not inconsistent with the bill. (1 M. & W., p. 379, Adams *vs.* Wordley.)

In the case of Keating *vs.* Price, (1 Johnson's Cases, p. 22,) the Court held that evidence of a parol agreement to enlarge the time of performance of a written contract, previously made, is admissible. In the case of Goss *vs.* Lord Nugent, (5 Barn. & Ad., p. 64,) Lord Chief Justice Denman, in delivering the judgment of the Court, said, " By the general rules of the common law, if there be a contract which has been reduced into writing, verbal evidence is not allowed to be given of what passed between the parties, either before the written instrument was made, or during the time that it was in a state of preparation, so as to add to or subtract from, or in any manner to vary or qualify the written contract; but after the agreement has been reduced to writing, it is competent to the parties, at any time before breach of it, by a new contract not in writing, either altogether to waive, dissolve, or annul the former agreements, or in any manner to add to, or subtract from, or vary or qualify the terms of it, and thus to make a new contract; which is to be proved partly by the written agreement, and partly by the subsequent verbal terms ingrafted upon what will be thus left of the written agreement."

The complainant, in this case, does not seek to vary the terms of the written contract, by proving that at the time the promissory note was made payable, on the 1st of October, 1858, ten months after date, the parties agreed verbally that it should be payable in eight months, or twelve months, after date. On the contrary, that note is the foundation of complainant's suit; he admits it in all its terms as fully as the respondent does, but claims that just before the note fell due according to its terms, the respondent requested its extension or renewal, and that they entered into a new verbal agreement to extend the loan, by postponing the time for the payment of the note, from the 1st of October, 1858, to the first of October, 1859. That a valid verbal agreement to that effect might be made, equally obliga-

tory upon the parties as if made in writing, is, it seems to me, abundantly clear.

Whether the parties did, or did not, make such an agreement, is a question of fact. The evidence touching this question is, on the part of the complainant, clear and precise; while on the part of the respondent it is indefinite and conflicting. On the whole, the weight of evidence seems to me clearly in favor of the complainant, and I must therefore regard the alleged agreement as proved.

This being so, it becomes unnecessary for me to examine the point raised, as to whether or not the offer of payment, made by respondent on the 27th of November, 1858, was a legal tender; because, while the complainant, by his agreement to extend the loan to the 1st of October, 1859, bound himself not to enforce payment of the note before that time, he was not, on the other hand, bound to receive payment sooner, if tendered to him. The one party had a right to the accommodation for which he had bargained, and the other to the full fruit of his investment.

There remain two questions, as to the amount of interest which the complainant is entitled to recover. By the terms of the note the interest was payable quarter yearly; and the mortgage contains a covenant that, if the interest was not so paid, when due, the respondent should pay interest thereon, at the same rate as on the principal sum. But the respondent objects to paying compound interest, on the ground that no demand of payment of the interest quarterly has been shown by the complainant. In my opinion the objection is sound. I do not consider the complainant entitled to claim compound interest, as for a breach of the covenant contained in the mortgage, unless he proves such breach by showing a demand, and refusal or neglect, of payment. And no such demand is either alleged or proven. By neglecting to make demand as the interest fell due, he has waived his claim to compound interest. (See Hastings *vs.* Wiswall, 8 Mass. Rep., p. 455.)

The other question touching the subject of interest is this : is the respondent bound to pay two per cent. per month interest, for the time during which the loan was extended by verbal agreement, subsequently to the 1st of October, 1858? The

respondent's counsel contends that he is not, because, by the statute law which was in force at the time when this contract was made, every contract to pay a higher rate of interest than twelve per cent. per annum, must be in writing and signed by the party to be charged therewith. (Statute Laws, vol. 1, pp. 186, 187.) Complainant's counsel argues that this defense cannot now be raised, inasmuch as the respondent was bound to have pleaded the statute in his answer, if he intended to rely upon it. But I cannot see the force of this objection. For, in an action at law upon the note, under our system of pleading, respondent might have advanced by way of defense, any matter of fact or of law, under a plea of the general issue, and would not have been required to plead the statute specially.

This defense raises a question of considerable nicety, which has never yet been settled in our Courts. I am free to confess that, to my own mind, this question seemed at first a difficult one to determine; but, after mature reflection, I have arrived at the conclusion that the respondent is liable for interest at the rate of two per cent. per month, for the whole period.

If no rate of interest had been expressed in the note or mortgage, it is clear the complainant, in an action for the money, could not have recovered interest at the rate of two per cent. per month, by proving that the respondent contracted, *verbally*, to pay interest at that rate. He must have shown a written contract to that effect; or been content to recover only the rate of interest allowed by the statute. But that is not this case. Here, the respondent, by the promissory note, did contract, in writing, to pay interest at two per cent. per month on the loan. And now the question is, did the subsequent verbal agreement, when the loan was extended, that the interest should continue to run at the same rate as previously stipulated, carry forward the operation of the original written contract to pay interest at two per cent., in the same manner that the verbal agreement to extend the time for paying back the loan, made the respondent's promise to pay on the 1st of October, 1858, as evidenced by the note, in effect, a promise to pay on the 1st of October, 1859? I think it did.

This suit embraces but one contract of loan between the parties. There has been but one borrowing and lending. The

verbal agreement for an extension of the credit beyond the 1st of October, 1858, did not create a new borrowing and lending. When the respondent received the complainant's money, on the 1st of December, 1857, he stipulated in writing, to pay as a consideration for the use of it, two per cent. per month interest up to the 1st of October, 1858, when the principal sum was to be repaid. As that date was approaching, the respondent desired to have the use of the money, upon the same terms, for a year longer, to which the complainant assented. No new note or mortgage was given. There was simply an extension of the existing loan, the contract for which was evidenced by the note and mortgage previously given. A fair construction of the agreement seems to me to amount to this: the respondent agreed that, in consideration of the complainant's agreeing to treat the note which was payable on the 1st of October, 1858, as not payable until the 1st of October, 1859, by forbearing to ask for the money sooner, he, the respondent, would regard his written contract previously made, to pay interest at two per cent., as a consideration for the use of the money, as continuing in full force during the extended time. This, it seems to me, brings the respondent's contract fairly within the spirit and meaning of the statute referred to. There is a contract in writing here to pay interest at two per cent. per month.

The matter will be referred to the Master to compute the exact amount due on the note and mortgage, allowing simple interest, and report the same for the information of the Court, preparatory to a final decree.

Mr. Montgomery, for complainant.

Mr. Austin, for respondent.